Matter of Haller (2021 NY Slip Op 06599)





Matter of Haller


2021 NY Slip Op 06599


Decided on November 26, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 26, 2021

PM-165-21
[*1]In the Matter of Rochelle Lyn Haller, a Resigned Attorney. (Attorney Registration No. 4104303.)

Calendar Date:October 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Rochelle Lyn Haller, Sammamish, Washington, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Rochelle Lyn Haller was admitted to practice by this Court in January 2003. In September 2016, Haller was admitted to practice in Washington, where she remains an attorney in good standing.[FN1] Haller thereafter applied for leave to resign from the New York bar for nondisciplinary reasons, citing her intention to retire from the practice of law. This Court granted Haller's application and removed her name from the roll of attorneys and counselors-at-law in August 2018 (164 AD3d 1045 [2018]). Haller now applies for reinstatement, and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it does not oppose her application.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b), an attorney seeking reinstatement following nondisciplinary resignation must submit an application in the form provided in appendix F to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). An applicant "should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [2018]; see Matter of Gaudioso, 159 AD3d 1217, 1218 [2018]). Upon AGC being heard on the application, this Court has wide discretion to either grant the application, with or without any conditions it deems appropriate, or deny the application with leave to renew upon the completion of the Multistate Professional Responsibility Examination, additional continuing legal education (hereinafter CLE) or even the New York Bar Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; see generally Matter of Tuve, 171 AD3d 1392, 1393 [2019]).
In support of her application, Haller completed the required form affidavit wherein she attests that, since the entry of the order accepting her resignation, she has not been subjected to any discipline in any of the other jurisdictions in which she is admitted, and has had no criminal history in that time. Haller also provides proof that she is presently in good standing in Washington, her home jurisdiction. Further, Haller attests that she does not suffer from any condition or impairment affecting her ability to practice law. Finally, Haller provides proof of her compliance with the CLE requirements of her home jurisdiction, which would in turn satisfy her requirements in this state (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]; § 1500.22 [n] [1]). Accordingly, we find that Haller "has the requisite legal training and experience, as well as the necessary character and fitness, to justify her reinstatement" (Matter of Weiss, 166 AD3d at 1160) and we therefore grant her application for reinstatement and restore her name to the roll of attorneys in this state, effective immediately.
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that Rochelle Lyn Haller's application for reinstatement is granted; and it is further
ORDERED that Rochelle Lyn Haller's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Rochelle Lyn Haller shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468—a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.



Footnotes

Footnote 1: Haller was also previously admitted in Connecticut in 2002, although she attests that she has retired from the practice of law in that jurisdiction.